IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 07-0374 |
| | : | |
| JOHNNIE MARKEL CARTER | : | |
| NATHANIEL GRIFFIN | : | |
| NAKIA RICHARDSON | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                                           **January  24, 2008**

The defendants have been charged in a federal indictment with conspiracy to commit armed bank robbery, armed bank robbery, carrying and using a firearm during a crime of violence, and aiding and abetting.  In anticipation of the pending trial, the defendants have filed motions to sever and to suppress statements.  For the following reasons, I will deny the motions in their entirety.

On April 19, 2007, the above-named defendants allegedly conspired to commit a robbery of the United Savings Bank in Springfield, Delaware County.  The indictment charges that they drove together to the bank with an individual still unknown to law enforcement.  The two male defendants and the unknown person forced their way into the bank's vault at gunpoint.  Defendant Carter pointed the gun at bank employees.  They stole approximately $53,356 from the vault and the bank tellers' drawers.  The three fled the bank and got into a car driven by Defendant Richardson, and sped away.

After a joint investigation of the Federal Bureau of Investigation and local law enforcement officers, the defendants were arrested over a month after the robbery.  Upon

waiving their rights enunciated in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), both Defendant Griffin and Defendant Richardson gave post-arrest statements implicating themselves and their co-defendants in the bank robbery.

The defendants each ask that I sever the charges against them and order a separate trial for each, contending that the evidence against each of the defendants is not capable of separation by the jury and would cause confusion.  They also seek the suppression of the statements made by Defendant Griffin and Defendant Richardson, claiming that the statements were made involuntarily without the proper <u>Miranda</u> warning.

At a hearing on the pretrial motions, both Special Agent Carr and Detective Bridgid McCarthy testified credibly that the defendants received proper <u>Miranda</u> warnings before providing a statement.  In fact, Detective McCarthy testified that she and her partner Detective George Christake advised Defendant Griffin of his constitutional rights before the interview began on the morning of June 1, 2007 at the Lansdowne Police Station.  The government produced a copy of a document which advised Defendant Griffin of his constitutional rights and which shows the signature of Defendant Griffin affirming that he was advised of his rights, that he understood them, and that he was waiving those rights.  <u>See</u> Gov't Ex. #1.  When the defendant was later taken to the FBI headquarters in Philadelphia, Detectives McCarthy and Christake again advised him of his rights before further questioning.  Thus, I find that Defendant Griffin's waiver of his right to remain silent was knowing and voluntary, and thus his statement is admissible

against him.  I will deny his motion to suppress the statement in its entirety.

Special Agent Carr also testified at the hearing that when Defendant Richardson was arrested on June 1, 2007, at her home in Yeadon, she was transported to the FBI Office in Philadelphia.  Before admitting her role in the robbery, Defendant Richardson also was advised of her constitutional rights and waived them.  The government produced a copy of a document bearing the defendant's signature affirming that she had been advised of her constitutional rights, that she understood those rights, and that she waived them.  Accordingly, I find that Defendant Richardson's waiver of her right to remain silent was knowing and voluntary, and thus her statement is admissible against her.  I will deny her motion to suppress the statement in its entirety.

The government advises that it intends to introduce at trial the statement of Defendant Griffin through the testimony of Detective McCarthy who will testify about Defendant Griffin's admission of his role in the bank robbery.  Likewise, the government will introduce at trial the statement of Defendant Richardson through the testimony of Special Agent Carr who will testify about Defendant Richardson's confession.  The defendants object to the government's intended use of these statements at trial, contending that the statements given by both defendants implicate their co-defendants, and thus are extremely prejudicial.  The defendants insist that the only curative measure to avoid this prejudice is to sever the charges against them, and order that each defendant receive a separate trial.

3

The government responds that the defendants do not meet the heavy burden necessary for a severance of trial. To be so entitled, a co-defendant must demonstrate "clear and substantial prejudice resulting in a manifestly unfair trial." United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1990). In fact, the Supreme Court said that a district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Zafiro v. United States, 506 U.S. 534, 539 (1993). Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant. Id. Evidence that is probative of a defendant's guilt but technically admissible only against a co-defendant also might present a risk of prejudice. See Bruton v. United States, 391 U.S. 123 (1968). When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. Zafiro, 506 U.S. at 539.

To avoid any direct inculpation of the co-defendants, I ordered the government to produce redacted versions of the statements in question. Richardson v. Marsh, 481 U.S. 200, 211 (1987) (the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when the confession is redacted to eliminate not only the defendant's name, but any reference to his

or her existence). The proposed redactions should replace the names of co-defendants with phrases which adequately shield their identities and avoid a violation of the Sixth Amendment's right of confrontation. Id. The government proposes that Defendant Richardson's statement be redacted so that the name "Markel" and any reference to Defendant Carter be replaced with the phrase "male number one," and the name "Griffin" be replaced with the phrase "male number two." Further, the government suggests that Defendant Griffin's statement be redacted to replace all references to Defendant Richardson with the phrase "a female," and all references to Defendant Carter be replaced with the phrase "another male." I find that under the circumstances of this case these proposed substitutions are inconsistent with the redactions approved by the Third Circuit Court of Appeals. See United States v. Richards, 241 F.3d 335, 341 (3d Cir. 2001) (redactions employing phrases "inside man" and "my friend" violated Bruton); but see United States v. Priester, 382 F.3d 394, 399 (3d Cir. 2004) (redactions employing phrases "the other guy," "someone," "someone else," "the guy," and "another guy" did not violate Bruton).

In United States v. Priester, a group of approximately fifteen gang members in a four or five car caravan traveled to a playground to avenge an earlier assault committed on a fellow gang member. Priester, 382 F.3d at 396. Once their targets were identified, several shots were fired into the crowd from the vehicles, resulting in significant injuries and death. After an investigation, the police interviewed two of the defendants who

5

implicated their co-defendants. At trial, the government introduced redacted statements of the two defendants which replaced the co-defendants' names with terms such as "the other guy," "someone," "someone else," "the guy," and "another guy." The Third Circuit Court of Appeals approved these redactions and found that such terms did not violate Bruton. In its analysis, the court distinguished the case which had fifteen perpetrators with an earlier case with only three defendants where the word "friend" was used to substitute the name of a co-defendant. Richards, 241 F.3d at 341. As the prosecutor called the co-defendant's mother to testify that her son and the confessor were friends, the substituted word "friend" unequivocally pointed to her son, the co-defendant. The court reasoned that this replacement was tantamount to an explicit reference to the co-defendant. Priester, 382 F.3d at 401.

   Here, this case has three co-defendants. One of the male defendants and a female defendant both provided post-arrest statements to law enforcement. The danger of the jury ascertaining the identity of one of the co-defendants in a redacted statement by linking other evidence to that statement and then drawing an inference cannot be minimized by the use of the proposed substitutions "male number one," "male number two," "another male," and "a female." Instead, I find that in a case such as this one involving a conspiracy with a small number of co-defendants of both genders, the use of gender-neutral substitutions such as "someone" or "a person" would better shield the identities of the co-defendants, and avoid a potential violation of the Confrontation

6

Clause.  This would be especially true if these substitutions were coupled with a limiting jury instruction that the statement is to be considered only against the particular defendant who gave that statement.  <u>Zafiro</u>, 506 U.S. at 539.  I will deny the motions to sever.

   An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 07-0374 |
| | : | |
| JOHNNIE MARKEL CARTER | : | |
| NATHANIEL GRIFFIN | : | |
| NAKIA RICHARDSON | : | |

**O R D E R**

**AND NOW,** this   24th   day of January, 2008, upon consideration of the pretrial motions of the defendants, the government's response thereto, and after a hearing on the motions, it is hereby ORDERED that:

1. The government's proposed redactions are STRICKEN; any redaction of a post-arrest statement shall employ gender-neutral terms;

2. Defendant Griffin's motion to sever (Document #40) is DENIED;

3. Defendant Griffin's motion to suppress statements (Document #41) is DENIED;

4. Defendant Richardson's motion to sever (Document #43) is DENIED;

5. Defendant Richardson's motion to suppress statements (Document #44) is DENIED.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.