**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **v.** | |
| **NATHANIEL GRIFFIN** | **NO.  07-374-02** |

<u>**MEMORANDUM OPINION**</u>

Defendant Nathaniel Griffin brings his second motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of changed sentencing law, the dangers posed by COVID-19 compounded by his pre-existing health conditions, and his rehabilitation efforts.  For the reasons that follow, Griffin's motion will be denied.

### I.    FACTUAL BACKGROUND

Griffin is currently serving a 272-month sentence at FCI Allenwood Medium for conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; armed bank robbery, in violation of 18 U.S.C. § 2113(d); and, possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  In 2007, Griffin and other defendants robbed United Savings Bank in Springfield, Pennsylvania.  They used threat of violence to gain access to the vault, pointing firearms at bank employees and ultimately stealing over $50,000.  On July 23, 2009, Griffin pled guilty to all charges.  He was sentenced on July 6, 2010 to 272 months of imprisonment, three years of supervised release, and restitution.  He was sentenced as a career offender due to the violent nature of his criminal history.  Griffin is currently incarcerated at FCI Allenwood Medium and has since served approximately 231 months of his sentence, with approximately 41 months remaining.

Griffin requested compassionate release from the warden at FCI Allenwod Medium on

January 6, 2023.  He received no response and subsequently filed his motion.

## II.   LEGAL STANDARDS

The First Step Act amends Section 3582(c) to "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . .").  Provided the defendant has exhausted his administrative remedies by first submitting a request to the warden, Section 3582(c) permits a district court to reduce a defendant's sentence "after considering the factors set forth in section [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement essentially mirrors this language, adding that a sentence reduction may be granted only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  If the court finds that the defendant would otherwise qualify for compassionate release, it must also consider the 18 U.S.C. § 3142(g) factors which include the "nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id*.

Over thirty days have passed since Griffin submitted his request to the warden.  As such, Griffin has exhausted his administrative remedies and his motion is ripe for consideration.  His

sentence may thus be reduced if: (1) extraordinary and compelling circumstances warrant such a reduction; (2) release is appropriate in consideration of the Section 3553(a) factors; and, (3) he is not a danger to the community, as provided in 18 U.S.C. § 3142(g).

### III.   DISCUSSION

#### A.  Length of Sentence

Griffin first argues that if he were sentenced today, his sentence would be shorter.  In making this argument, Griffin relies on a recent Third Circuit decision holding that aggravated assault in violation of Pennsylvania, of which Griffin was convicted, is not categorically "violent" for purposes of determining career offender status.  *United States v. Harris*, 68 F.4th 140 (3d Cir. 2023).  Griffin's arguments contesting the validity and length of his sentence do not warrant compassionate release under Section 3582, as "the appropriate vehicle for doing so is a [Section] 2255 motion."  *United States v. Lebron*, 598 F. App'x 817, 818 (3d Cir. 2015); *see also United States v. Millhouse*, 2022 WL 396100, at *2 n.5 (3d Cir. Feb. 9, 2022) (per curiam) ("To the extent that Millhouse was challenging his conviction based on *Johnson*, a motion for compassionate release is not the proper avenue to have raised such a challenge[.]"); *United States v. Holmes*, 2022 WL 3657180, at *2 (3d Cir. Aug. 25, 2022) (rejecting motion for compassionate release which would have typically been brought pursuant to Section 2255); *United States v. Amato*, 2022 WL 4126159, at *3 (2d Cir. Aug. 31, 2022) ("If a defendant contends his conviction by a federal court is invalid, Congress has provided a vehicle to raise such a challenge through a motion pursuant to 28 U.S.C. § 2255, which imposes particular procedural limitations.  A defendant cannot evade this collateral review structure by attacking the validity of his conviction through § 3582.  Accordingly, we conclude, arguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a)

sentencing factors.  Rather, such arguments are properly raised on direct appeal or collateral review pursuant to 28 U.S.C. § 2255."); *United States v. Wilson*, 2022 WL 15431188, at *2 (3d Cir. Oct. 27, 2022) (citing *Amato*, 2022 WL 4126159, in finding "that § 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity."); *United States v. Henderson*, 858 F. App'x 466, 469 n.2 (3d Cir. 2021) (finding claims aiming to vacate a sentence "can be raised only in a § 2255 motion").  This remains true where a defendant was sentenced as a career offender but could potentially no longer, after separate analysis, qualify as such in light of higher court holdings.  *See e.g.*, *United States v. Gordon*, 2022 WL 1062976, at *2 (E.D. Pa. Apr. 8, 2022), *aff'd*, 2022 WL 14365245 (3d Cir. Oct. 25, 2022) (holding a petitioner's arguments, on a motion for compassionate release, that he no longer qualified as a career offender in light of recent rulings were not persuasive and Section 2255 is the appropriate form for these challenges); *United States v. Andrews*, 12 F.4th 255, 260-61 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022) ("The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance."); *United States v. Williams*, 2023 WL 3496340, at *1 (3d Cir. May 17, 2023) ("[N]onretroactive changes to mandatory minimums . . . do not present extraordinary or compelling reasons for release[.]").

### B.  "Extraordinary and Compelling" Circumstances

It is the defendant's burden "to prove extraordinary and compelling reasons exist." *United States v. Adeyemi*, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).  Griffin argues that (1) his medical conditions; (2) conditions within FCI Allenwood Medium; and, (3) his rehabilitation demonstrate "extraordinary and compelling" reasons exist.

### i.  Medical Conditions

First, Griffin argues his asthma, fatty liver disease, and the fact that he is a former smoker

4

justify granting compassionate release.  These medical issues, Griffin argues, on top of the

COVID-19 pandemic create conditions beyond what is usual and present an increased danger of

irreparable harm.  Despite the discomfort these conditions may cause, the Third Circuit sets a

high standard for reducing sentences due to medical conditions.  *See, e.g.*, *United States v.*

*Guzman*, 2022 WL 4546860, at *1 (3d Cir. Sept. 29, 2022) ("A reduced sentence for medical

issues requires a 'terminal illness' or some other serious condition. . . ." (quoting U.S.S.G.

§ 1B1.13 n.1)).  For reasons addressed below, Griffin fails to meet this standard.

The Center for Disease Control and Prevention ("CDC") recognizes increased risks to

those who contract COVID-19 and have moderate to severe asthma or are former smokers and

even higher risks for those with non-alcoholic fatty liver disease.  CDC, *People with Certain*

*Medical Conditions* (May 11, 2023) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html#MedicalConditionsAdults.  However, the

CDC also identified that COVID-19 vaccination and booster vaccination are the best way to

protect against severe illness from COVID-19.  CDC, *Staying Up to Date with COVID-19*

*Vaccines Including Boosters* (June 7, 2023) https://www.cdc.gov/coronavirus/2019-

ncov/vaccines/stay-up-to-date.html.  "District Courts in the Third Circuit consistently agree that

an FDA-approved vaccination against COVID-19 lessens the risk of serious illness or death from

COVID-19 such that the threat of the pandemic, even combined with pre-existing medical

conditions, does not constitute an extraordinary and compelling reason for compassionate

release."  *United States v. Hannigan*, 2022 WL 815449, at *15 (E.D. Pa. Mar. 17, 2022)

(collecting cases) ("Even in the era of the highly transmissible omicron variant, Moderna

vaccination and booster shot is highly effective against severe illness."); *see also United States v.*

*Thomas*, 2022 WL 296594, at *1 & 2 (3d Cir. Feb. 1, 2022) (affirming a district court's denial of

compassionate release for a defendant with various health conditions where "vaccination reduced the [defendant's] health risks[.]").  Griffin is "fully vaccinated", which "reduces his risk of serious illness."  *United States v. Gatson*, 2022 WL 7857288, at *1 (3d Cir. Oct. 14, 2022) (finding that being "fully vaccinated . . . reduces his risk of serious illness" and affirming the District Court's denial of compassionate release).

Though Griffin claims that his asthma is a "major problem that interferes with daily activities" he is being treated and medicated for the condition.  This Court already concluded that Griffin's asthma did not present an extraordinary and compelling reason for release when it rejected his previous compassionate release motion.  The same is true today.  Griffin does not present any evidence of a change in the severity of his condition or lack of access to necessary medication or treatments that could justify deviating from that finding.  *See e.g.*, *United States v. Hicks*, 2021 WL 4316829, at *1 (3d Cir. Sept. 23, 2021) (affirming denial of compassionate release for a defendant suffering from asthma, impaired lung function, a spinal bullet wound, and other medical conditions because he "failed to show that a sufficiently serious medical condition . . . place[d] him at a uniquely high risk of grave illness or death if infected by COVID-19" (quotations omitted)); *United States v. Paulino-Escalera*, 2022 WL 13837812, at *4 (D.N.J. Oct. 21, 2022) (denying compassionate release where vaccinated and boosted petitioner suffered from asthma, among other medical conditions).  As such, Griffin's asthma, particularly in light of his vaccination, does not demonstrate "extraordinary and compelling" circumstances.

Griffin's claims relying on his fatty liver disease fair no better.  He does not claim he is experiencing any symptoms that cannot be adequately treated at FCI Allenwood Medium, that his symptoms (to the extent he has any) are worsening, or that he is unable to get necessary treatment or medications.  Without more, Griffin's fatty liver disease is not enough to amount to

"extraordinary and compelling" circumstances.  *See e.g.*, *United States v. Hill*, 2022 WL 456327, at *1 (3d Cir. Feb. 15, 2022) (affirming a denial of compassionate release where the petitioner suffered from fatty liver disease, liver failure, and asthma among other conditions because the district court "reasonably concluded" the medical condition did not rise to the level of "extraordinary and compelling" "when the record reflected that [the petitioner's] medical conditions have been controlled").

Similarly, Griffin's argument that his status as a former smoker amounts to "extraordinary and compelling" circumstances is unavailing.  For one, a prior review of Griffin's medical records questioned whether he was, in fact, a former smoker.  *United States v. Griffin*, 2021 WL 1853540, at *4 (E.D. Pa. May 7, 2021), *app. dismissed sub nom. USA v. Griffin*, 2021 WL 5859470 (3d Cir. Oct. 27, 2021) ("[P]ro se defendant's medical records state that he has 'never smoked' and he has no history of 'tobacco abuse.'").  Even assuming he had previously smoked, Griffin provides no explanation for how such habit affects him now.  And, "his status as a former smoker alone would not qualify as an extraordinary and compelling reason for his release[.]"  *United States v. Graham*, 2021 WL 3728337, at *4 (E.D. Pa. Aug. 23, 2021) (collecting cases); *see also United States v. Ramsey*, 2021 WL 534470, at *5 (E.D. Pa. Feb. 12, 2021) (finding smoking, even in combination with other medical conditions, did not justify "extraordinary and compelling" reasons to reduce the petitioner's sentence); *United States v. Pray*, 2021 WL 965318, at *2 (E.D. Pa. Mar. 15, 2021) (accord); *United States v. Jones*, 2020 WL 7640944, at *3 (E.D. Pa. Dec. 23, 2020) (accord).  In short, Griffin's risk of contracting COVID-19 in combination with both his vaccination and medical conditions does not constitute "extraordinary and compelling" circumstances.

### ii.    *Prison Conditions*

Next, Griffin argues that conditions at FCI Allenwood Medium amount to "extraordinary and compelling" circumstances.  Specifically, he argues he is unable to social distance, that several inmates have tested positive for COVID-19, and that the conditions at FCI Allenwood Medium make it difficult for him to take care of himself.  Although the Court does not minimize the havoc COVID-19 has wrought, the "harsh" conditions of confinement adopted in response to the COVID-19 pandemic are applicable to "all inmates and do not in themselves warrant special treatment. . . ."  *United States v. Hernandez*, 2022 WL 910091, at *6 (E.D. Pa. Mar. 29, 2022); *see also, e.g., United States v. Roeder*, 807 F. App'x 157, 160-61 (3d Cir. 2020) ("[T]he existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid . . . that sentence."); *United States v. Everett*, 2021 WL 322182, at *2-3 (W.D. Pa. Feb. 1, 2021) (recognizing "every prisoner in the facility and other BOP facilities is subject to similar conditions" the purpose of which "is to protect the health of inmates and facility staff during a once-in-a-century pandemic." (citation, alterations, and quotations omitted)).  These conditions therefore do not constitute "extraordinary or compelling" circumstances.  *United States v. McLean*, 2021 WL 5896527, at *2 (3d Cir. Dec. 14, 2021) (affirming District Court's determination that prison conditions did not present an extraordinary and compelling circumstances which warranted compassionate release).  Also, according to the government, there are presently no inmates at FCI Allenwood Medium who are reported positive for COVID-19, and there has never been a COVID-19-related death at the facility.  *See e.g.*, *United States v. Gideon*, 2020 WL 7351212, at *2 (D.N.J. Dec. 15, 2020) (collecting cases and finding arguments about COVID-19 at FCI Allenwood Medium similarly "insufficient to show 'extraordinary and

compelling reasons' for release."). Thus, Griffin's claims fail to establish "extraordinary and compelling" reasons for release.

### iii.    *Rehabilitation*

Finally, Griffin asserts that his rehabilitation efforts should weigh in favor of compassionate release. During his incarceration, Griffin has participated in educational programing, completing over 90 courses, and received outstanding work performance ratings and recommendations. While these steps toward rehabilitation are commendable, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for early release. 28 U.S.C. § 994(t); *see also Andrews*, 12 F.4th at 262 ("[A]lthough [Defendant]'s age and rehabilitation could both be viewed as extraordinary, those reasons by themselves [are] insufficiently compelling to warrant a reduced sentence."); *United States v. Claudio*, 2022 WL 1623650, at *3 (E.D. Pa. May 23, 2022) (accord); *United States v. Gupton*, 2022 WL 3448233, at *2-3 (E.D. Pa. Aug. 16, 2022) (accord).

## IV.    CONCLUSION

For the reasons set forth above, Griffin's motion for compassionate release shall be denied.

An appropriate order follows.

BY THE COURT:

*/s/ Wendy Beetlestone*

_____

**WENDY BEETLESTONE, J.**